## S90A1370. RICHARDS v. THE STATE.
### (400 SE2d 320)

FLETCHER, Justice.

The defendant, David Joel Richards, was convicted of the malice murder of Gary Chisolm and the possession of a firearm during the commission of a felony.[1] He was sentenced to life imprisonment for the offense of murder and to a term of years for the possession offense.

While at a nightclub in Chatham County, Georgia, the defendant and victim became involved in a fist fight. The manager of the nightclub asked both parties to leave. The manager testified that he escorted the victim outside so that he could talk to him. When they reached the parking lot of the nightclub, the defendant was already there. According to other eyewitnesses, the victim made a profane statement to the defendant. It is not disputed that the defendant then drew a handgun and began shooting at the victim.

According to the testimony of several eyewitnesses, the victim, who was unarmed, turned and went back into the club. The defendant pursued him, continuing to shoot. Eyewitnesses testified that after the victim fell, the defendant threw large beer bottles and a stereo turntable on top of him. The defendant then left the club.

The victim sustained numerous injuries, but died as a result of a bullet wound in the chest.

Testifying in his own behalf, the defendant admitted that he shot at the victim, but maintained he did so to protect himself.

1. Construing the evidence in the light most favorable to the ver-

---

stances in the area have not changed.
    [1] The crime occurred on May 7, 1989. The defendant was indicted on August 16, 1989, and tried January 23 and 24, 1990. The trial court denied the defendant's motion for a new trial on June 20, 1990, and the case was submitted to this court on briefs on August 31, 1990.

dict, we conclude that a rational trier of fact could have found the defendant guilty of malice murder and the possession conviction beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant argues that the trial court erred in admitting his custodial statements because the arresting officer did not read the *Miranda* warnings to him from a printed card, but stated them from memory. The defendant does not contend that the *Miranda* warnings given to him were defective in any way.

The uncontroverted evidence, including the defendant's own testimony, shows that when the police arrived at his home, the defendant spontaneously and voluntarily admitted that he shot the victim. The fact that the arresting officer explained the defendant's *Miranda* rights without referring to the card on which these rights were printed does not, without more, render the defendant's statements involuntary.

The trial court's finding that the defendant's statements were voluntary was not clearly erroneous, and will not be reversed. *Irby v. State*, 260 Ga. 401 (396 SE2d 210) (1990).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 6, 1991.

*C. Jackson Burch*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jon C. Hope, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary H. Hines*, for appellee.